UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LSI RETAIL II, LLC | ) | Case No. 15-13375 MER |
| EIN 20-0741627 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO SELL DEBTOR'S INTEREST IN CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES, TO PAY LIEN HOLDER(S) ACCORDING TO PRIORITY OF LIEN(S), CLOSING COSTS AND U.S. TRUSTEE QUARTERLY FEES AT CLOSING ON SALE OF REAL PROPERTY, AND TO COMPENSATE REAL ESTATE BROKER FROM SALE OF REAL PROPERTY**

Debtor-in-Possession, LSI Retail II, LLC ("Debtor"), through its counsel Weinman & Associates, P.C., moves this Court for an order authorizing the Debtor to sell its interest in certain real property free and clear of liens and encumbrances, to pay lien holder(s) according to priority of lien(s), closing costs, U.S. Trustee quarterly fees at closing on sale of real property, and to compensate real estate broker from the sale of such real property. In support of its motion, the Debtor states as follows:

1. The Debtor filed its voluntary Chapter 11 bankruptcy petition on April 2, 2015.

2. Since the date of the filing of its bankruptcy petition, the Debtor has remained in possession of its assets and has operated its business and managed its financial affairs as a Debtor-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The Debtor owns certain real property identified as 8351-8361 N. Rampart Range Road, Littleton, Colorado 80125 and 1.2 acres of undeveloped land located on Waterton Canyon Road, Douglas County, Colorado ("Real Property").  A legal description of the Real Property is attached to the Purchase and Sale Agreement as Exhibit A.  The Real Property consists of commercial real property and undeveloped land subject to deeds of trust in favor of 3NP, LLC (undeveloped land) and State Farm Mortgage (Rampart).  Upon information and belief, 3NP, LLC is owed approximately $203,690, and State Farm Mortgage is owed approximately $11,950,434 as of the date the Debtor filed its Chapter 11 bankruptcy petition. Further, the Real Property is subject to a statutory lien of the Douglas County Treasurer's Office for unpaid real property taxes in the approximate amount of $317,990.

4. On January 22, 2015, the Debtor entered into a Purchase and Sale Agreement wherein the Debtor agreed to sell and the purchaser, Slate US Acquisitions, LLC, agreed to purchase, the Real Property for a total purchase price of $15,618,000. The original purchase price was $15,750,000, however, this amount was reduced to the current amount by letter agreement. Slate US Acquisitions, LLC subsequently assigned its interest in the Sale Agreement to SUSO 4 Roxborough, LP on March 1, 2015. The Debtor and SUSO 4 Roxborough, LP subsequently entered into a "Reinstatement of and Amendment to Purchase and Sale Agreement" dated April 16, 2015 ("Sale Agreement"). SUSO 4 Roxborough, LP is the Purchaser of the Real Property ("Purchaser").

5. The Purchaser of the Real Property is a no-insider third party who is purchasing the Real Property in an arms length transaction and in good faith from the Debtor.

6. In connection with the sale of the Real Property, the Debtor entered into a Single Party Listing Agreement with Mountain High Real Estate Advisors, Inc., 1100 East 6600 South, Suite 100, Salt Lake City, Utah 84121 (the "Broker"). The Single Party Listing Agreement provides for a real estate commission to be paid to the Broker in the amount of 2.5% of the gross sale price. On April 9, 2015, this Court entered its Order approving the employment of Mountain High Real Estate Advisors, Inc. as real estate broker for the Debtor's bankruptcy estate to sell the Debtor's Real Property.

7. The sale price for the Real Property is $15,618,000. The real estate commission to be paid to the Broker is 2.5% of the gross sale price, which is equivalent to $390,450.

8. A copy of the Sale Agreement is attached hereto and incorporated herein by this reference as Exhibit "1".

9. Generally, the terms of the Sale Agreement are as follows:

    a. The date of the Sale Agreement is April 16, 2015.

    b. The purchase price of the Real Property is $15,618,000.

    c. The $15,618,000 shall be paid by the payment of an initial $250,000 earnest money deposit, and cash in the amount of $15,500,000 at the closing on the sale of the Real Property.

    d. The Sale Agreement provides for a closing on the sale of the Real Property within forty-five (45) days from the Effective Date of the Reinstatement of and Amendment to Purchase and Sale Agreement. The date of the Reinstatement is April 16, 2015. The Closing Date of the sale is May 31, 2015.

  e. The Real Property is being sold free and clear of liens and encumbrances pursuant to 11 U.S.C. §363.

  f. The Debtor has agreed to indemnify, defend and hold the Purchaser harmless from any litigation that is identified as the "Trust Litigation" which involves the Debtor and The Dick Family Trust No. 1 and The Dick Family Trust No. 2 and to secure such indemnification obligations to place $100,000 of the sale proceeds in escrow with the Escrow Agent.

  g. The sale of the estate's interest in the Real Property is subject to approval by the Bankruptcy Court.

9. The above represents a summary of the terms of the Sale Agreement. Parties should review Exhibit "1" attached hereto for a complete understanding of the terms of the Sale Agreement. Any inconsistency between the above description of the terms of the Sale Agreement and the actual terms of the Sale Agreement shall be resolved pursuant to the actual terms of the Sale Agreement which shall control in all instances.

10. The Debtor is requesting that the Real Property identified herein above be sold free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(c) and that the proceeds from the sale of the Real Property be utilized to pay the holders of the deeds of trust on the Real Property, unpaid pre-petition real property taxes, and to pay real estate commission, closing costs, and appropriate pro-rated post-petition real property taxes, etc. Additionally, the Debtor is requesting that an appropriate Chapter 11 quarterly fee be paid to the U.S. Trustee's Office commensurate with the sale price of the Real Property and the disbursements made from the proceeds from the sale of the Real Property, likewise to be paid at the closing on the sale of the Real Property from proceeds from the sale of the Real Property.

11. The Debtor further requests that the Court approve the sale of the Real Property and that any order entered by the Court reflect that the Real Property will be delivered to the Purchaser free and clear of any and all liens and encumbrances and that the Court find that the Purchaser is acquiring the Real Property in good faith pursuant to 11 U.S.C. §363(m).

12. Pursuant to the terms of the Listing Contract entered into between the Debtor and Mountain High Real Estate Advisors, Inc. as a broker employed to represent the Debtor in the sale of the estate's interest in the Real Property, the Debtor has agreed to pay the Broker a real estate commission of 2.5% of the gross sales price of the Real Property. At a sale price of the Real Property of $15,618,000, and a real estate commission of 2.5% of the gross sale price, the Debtor is requesting that it be authorized to pay the Broker a real estate commission of $390,450 (which amount represents 2.5% of $15,618,000).

13. The Debtor is informed and believes based upon the guidelines provided by the office of the U.S. Trustee with respect to appropriate quarterly fees payable to the office of the U.S. Trustee with respect to disbursements made by the Debtor in its Chapter 11 bankruptcy proceeding that the amount of the quarterly fee owing to the office of the U.S. Trustee will be $20,000, calculated on a disbursement which represents the disbursements to the holder of the deeds of trust, real estate taxes, real estate commission, closing costs, and U.S. Trustee fees. The Debtor therefore requests that it be authorized to pay the office of the U.S. Trustee a Chapter 11 fee of $20,000 from the proceeds from the sale of the Real Property at the closing on the sale of the Real Property.

14. To the extent that there are proceeds remaining from the sale of the Real Property, the Debtor requests that such proceeds be paid to the bankruptcy estate and thereafter be distributed in accordance with a Plan of Reorganization.

WHEREFORE, for reasons as set forth above, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to sell the Real Property identified on Exhibit "1" attached hereto, free and clear of liens and encumbrances, that the Court find that the Purchaser has purchased the Real Property in good faith, that the Debtor be authorized to disburse the proceeds from the sale of the Real Property at the closing on the sale of the Real Property as provided for herein, that the Debtor be authorized to pay the Real Estate Broker a commission as set forth pursuant to the terms of the Single Party Listing Agreement at a closing on the sale of the Real Property, to pay a appropriate fee to the Office of the U.S. Trustee based upon the disbursements from the proceeds from the sale of the Real Property and to place the remaining proceeds from the sale of the Real Property in the Debtor-in-Possession account to be utilized by the Debtor in its ongoing Chapter 11 bankruptcy proceeding, and for such further relief as is set forth above and as otherwise ordered by this Court.

DATED: April 21, 2015

Respectfully Submitted,

WEINMAN & ASSOCIATES, P.C.

By: /s/ Jeffrey A. Weinman
Jeffrey A. Weinman, #7605
730 17th Street, Suite 240
Denver, CO 80202-3506
Telephone: (303) 572-1010
Facsimile: (303) 572-1011
jweinman@epitrustee.com

4

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on April 21, 2015, I served by prepaid first class mail a copy of the **MOTION TO SELL DEBTOR'S INTEREST IN CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES, TO PAY LIEN HOLDER(S) ACCORDING TO PRIORITY OF LIEN(S), CLOSING COSTS AND U.S. TRUSTEE QUARTERLY FEES AT CLOSING ON SALE OF REAL PROPERTY, AND TO COMPENSATE REAL ESTATE BROKER FROM SALE OF REAL PROPERTY**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

Leo M. Weiss, Esq.
U.S. Trustee's Office
1961 Stout St., Ste. 12-200
Denver, CO 80294

LSI Retail II, LLC
Attn: Alan R. Fishman
8361 N. Rampart Range Rd., Ste. 208
Littleton, CO 80125-9366

Patrick D. Vellone, Esq.
Mark Larson, Esq.
Allen & Vellone, P.C.
1600 Stout Street, Suite 1100
Denver, CO 80202-3131

Caroline C. Fuller, Esq.
Fairfield and Woods, P.C.
1801 California St., Ste. 2600
Denver, CO 80202

F. Brittin Clayton III, Esq.
Sarah K. Pallotti, Esq.
Ryley Carlock & Applewhite
1700 Lincoln St., Ste. 3500
Denver, CO 80203

John J. Fries, Esq.
Ryley Carlock & Applewhite
1 North Central, Suite 1200
Phoenix, AZ 85004

Rob Galanis
Mountain High Real Estate Advisors, Inc.
1100 East 6600 South, Suite 100
Salt Lake City, Utah 84121

Dick Family Trust No. 1
c/o Gary F. Albrecht, Esq.
Law Office of Gary F. Albrecht, LLC
1444 Blake St,
Denver, CO 80202

Dick Family Trust No. 2
c/o Gary F. Albrecht, Esq.
Law Office of Gary F. Albrecht, LLC
1444 Blake St,
Denver, CO 80202

Gary F. Albrecht, Esq.
Law Office of Gary F. Albrecht, LLC
1444 Blake St.
Denver, CO 80202

Lance Ingalls, Esq.
Douglas County Attorney's Office
100 Third Street
Castle Rock, CO 80104

/s/ Lisa R. Kraai